The next matter, number 24-1296, Ventura, Chanchavac, Garcia, et al. v. Merrick B. Garland. At this time, would counsel for the petitioner please introduce herself on the record to begin. Good morning, Your Honors. May I please the Court, Val Ribeiro. I represent Mr. Ventura, Chanchavac Garcia, and Rosa Clotilde Thelma Lopez, who are sitting in the courtroom today. Your Honor, today we respectfully request this Court to vacate the Board of Immigration Appeals' denial of the motion to reopen and remand to the lower court for proper consideration of the evidence and applicable laws, legal standards. In this case, judges, Your Honors, we are dealing with citizens of Guatemala, both who have been residing in the United States for over 20 years, individuals of good moral character who have four U.S. citizen children. At the time of the individual hearing, they were aging between 13 and 3 years old. At the initial cancellation or removal in 1918 before the Immigration Court, the only issue before the Court was if the petitioners satisfied the exceptional and extremely unusual hardship, as all the other issues had been already stipulated to. The request for relief was denied at the time, judges, because of prior counsel's egregious, ineffective assistance of counsel as she failed to submit all the necessary evidence to satisfy the burden of proof. Counsel, as I understand your argument, you're faulting the predecessor counsel for the failure to submit concrete conditions evidence? That is correct, Your Honor. Once someone is determining if cancellation or removal, if the qualifying children will be staying in the United States without the parents or if they will be relocating with the parents, it is necessary under the standards, the legal standards, to show how the hardship will affect the children moving into the separate country. At the time, one of the children, who was 13 years old, was suffering from oppositional defiant disorder, anxiety, ADHD, hyperactive and impulsive disorder, and prior counsel did submit documentation showing these conditions. However, she completely failed to provide any type of country conditions to show how this child would be able to receive proper education and proper medical treatment, as well as showing any type of evidence to show how the parents would be able to work and provide for this child. And the other three who will also be moving if their request for relief was denied. If I understand it, the IJ concluded that the evidence put forward by Petitioner about the schooling that this child who had these issues would be able to get if removed was problematic because it was uncorroborated, is that right? Well, Judge, the IJ's very lengthy oral decision basically states that but for the lack of the country conditions, that counsel basically left too much for the IJ to speculate as to if he was going to be able to obtain proper education or even proper medical assistance there. And is the argument that the, and just help me draw this linkage, because I couldn't quite follow it in the briefing. What in the country conditions evidence indicates that the corroboration therefore would be present, such that we would then think the IJ would have come out the other way? Certainly, Your Honor. On our motion to reopen, the most recent motion to reopen that was filed, we have submitted 145 pages of documents, which was in essence what the IJ was looking for. Basically, it's plain simple that any immigration attorney who has been practicing would know that. The specifics in it, though, what in it corroborates or in your view would provide the corroboration that would show prejudice with respect to the issue the IJ identified, which was a lack of corroboration about the ability to get the right kind of schooling? The fact that basically that this child, particularly the 13-year-old, would not be able to obtain educational assistance. And what corroborates that contention that's in the new country conditions evidence? Well, for starters, Guatemala does not recognize children with special needs, and they would not provide for special assistance for children who do have special needs. Therefore, this child would be subject to going into a regular classroom. And what do we do with the fact that the BIA, as I read it, having considered the new country conditions evidence, concludes that it would not be prejudicial, that it was not prejudicial not to have had that before, which I take to be a finding that even with this evidence, it's still not sufficiently corroborated to meet this burden of proof. And that is our point, Judge, that the BIA abused its discretion by not considering the 145 pages. What indicates it wasn't considered? Basically, on the BIA's decision, it does not talk about the specifics of the evidence as it was submitted. And also, it is our position that they applied the wrong standard, which we would need just to show prima facie eligibility, that if this case, if this court would remand to the IJ, that they would be able to prove their standard, their burden of proof, Your Honor. The IJ, the IJ in its decision, he basically says that notably, but for the fact that he had no country conditions, that he had to do too much speculation, and there was a failure of a causal connection, meaning that she was able to show that the child did have special needs. However, we had no idea how this child would be affected if he was to move to Guatemala. Therefore, the judge was not able to make that conclusion and satisfied that the respondents had satisfied the burden at that time. Counsel, I'm just trying to understand the state of the record, both before and after you submitted additional documents. Was there anything in the record that the child was actually in a special education program of any kind, or just that the record reflected those diagnoses? At the time of the individual hearing, there was evidence showing that the child was receiving at-home assistance, and that the child was receiving also assistance at the school. But was there evidence just specifically about whether he was in a special education program or if he had an IEP? An IEP. At that time, at the individual hearing, no, Your Honor, there was not. However, at the appeal level before the BIA, prior counsel did submit documentation showing now the second child had already been tested, and she was on an IEP. Currently, with our motion to reopen, we have submitted additional evidence yet again to show that now the third child is on an IEP and has special needs. But was there any evidence submitted about the first child, who was the focus of the IJ's decision? Was there any additional evidence submitted? Does the record show that that child that the IJ was focused on is in a special education program or has an IEP? So that child currently is on an IEP. The child is on an IEP. There are three out of the four children who are receiving special classes. Let me just, you know, just refer you specifically that the child that the IJ was talking about was Logan? Logan, correct. Did you submit anything additional about Logan with the new materials? We did submit the most recent medical records, Your Honor, and as well as I would like to refer to my brief on page 12. These children suffer from an array of medical conditions and psychological mental health conditions, which is all highlighted on the page 12, which is too long to itemize, to enumerate at this time, Judge.  So just if I'm in the IJ's decision, does the response claim that in Guatemala their children would not have an opportunity to go to school since there's a lot of secondary level schools and because they lack employment opportunities, they would not be able to support their children since they would only work in farming, and it says, however, the response provided no corroborating evidence in this regard. And the government court does require the response to corroborate their otherwise credible testimony. So the corroborating evidence you understood that to mean would be, and then it says the court has noted it has not corroborated their claims that their children would be able to go to school. That their children would be unable to attend school in Guatemala. And I guess I'm just trying to understand how the findings here match up to the country conditions evidence that was submitted that's claimed to show that that would be corroborative. Your Honor, because it's exactly that. If the judge is left for, he's unaware, what prior counsel actually stated on her response to the complaint before the disciplinary board was that judges should know every country condition and they should know how children will respond if they're removed, if they're forced to go with their parents to a different country. That would mean that every judge would know about every country condition and how, you know, in the country conditions that they're in. How they handle psychological needs, educational needs, and medical needs in every single country. What the IJ is referring to there, I believe, Your Honor, is the fact that he was unable to make a positive determination given the fact that he didn't have the necessary country conditions and specifically how these individuals will be able to gain financial employment to support these children. The fact that Guatemala, as the female petitioner testified, they would only be able to afford or have the children attend school up to elementary because there's a fee that it's paid after that and they wouldn't be able to afford to send their children to school. So regardless of, you know, any special needs that these children may have, they wouldn't even be able to afford to send these kids to school. In the board's decision, the board has this sentence, we also agree with the immigration judge's determination that the respondents did provide sufficient corroborating documentation regarding how their removal would adversely affect their children. Is that supposed to read did not? I believe that it's supposed to be did not, Judge, because it goes against the entire rest of the oral decision of the immigration judge. And then right after that, and I'm just trying to match up what the board's doing and what the IJ did, the board then seems to come to the conclusion that now considering all the various evidence that's been put forward, it said it wouldn't change the outcome of the case. So what are we supposed to do with the board's determination if we took the board as having reviewed all the country conditions material? I take it you say they haven't. Well, Your Honor, I do believe that the board has abused its discretion, number one, by stating that equitable tolling did not apply in this situation. Number two, that ineffective assistance of counsel did not occur pursuant to Lozada, which we disagree with that. I'm asking a different question. I'm just on the issue about prejudice itself. Assume that ineffective assistance could support equitable tolling and all that. At the end of the day, the board comes to the conclusion it doesn't matter because you can't show prejudice. Because even with the information that wasn't provided before, now having it before us, we think it wouldn't have changed the outcome of the case. Which stands completely against what the board had said previously. When prior counsel filed the appeal, she also included the IEP for the second child. However, yet again did not submit any type of country conditions. And the board on its decision said that, yes, we recognize that you submitted this evidence. However, you yet again failed to submit the necessary country conditions in order for us to be able to come out with a positive decision here. So the IJ is saying that but for the submission of the necessary country conditions. The board itself said but for the submission of the country conditions, we would have been able to properly make a determination in this case. But what do we do legally? We have a board ruling that the new evidence would not likely change the, because the proper documentation would not likely change the result in this case. That's the finding. If that finding is good, then even under Lozado, et cetera, you can't win. So you must be saying there's some legal error in that statement. Correct, Judge. Again, I think that the board, it's uncertain when you read that decision if they're applying towards the sua sponte or they're saying that basically we just not met the necessary burden to show that prejudice. And I believe that the court failed to consider all the evidence in itself. In addition, the court has also failed, the board has also failed to consider the fact that we were asking in our motion for a remand on change of circumstances, which at that time showed that three out of the four children now had special needs. And they just completely ignored that argument. Anything further? Thank you. Thank you, counsel. At this time, would counsel for the government please introduce himself on the record to begin? Good morning again, Your Honors. Michael Heiss on behalf of the Respondent, the Attorney General of the United States. The board properly exercises its discretion here to deny an untimely and number-barred motion to reopen. The court here is facing a double layer of discretionary decisions, the denial of a motion to reopen and the denial of underlying cancellation of removal relief. Petitioner's argument is ultimately a question of, again, the weight of the evidence. And the court cannot reweigh the evidence. The question is whether or not they satisfied the prima facie evidence standard, established a reasonable likelihood that they would prevail were their proceedings reopened. And on this record, yes, counsel appears to have fallen on her sword that she failed to submit country conditions evidence, said that, I believe, judges are, quote, are very aware of conditions in Guatemala. That's probably not the way to go about things. But ultimately, the question is, did the board properly resolve this on the question of the motion to reopen? Again, Your Honor is assuming, yes, that equitable tolling applies. That's an open question in this court. Normally, ineffective assistance of counsel typically would qualify for equitable tolling should that apply. So assuming that happened, again, it comes down to the question of prejudice. One important point, Your Honor is asking several questions, you're being Judge Barron, asking questions about the immigration judge's decision. What's before the court now is only the board's decision on the motion to reopen. But I'm trying to link up is a predicate for the – if the IJ had found the representations about the child's ability to get schooled, what would that have been? If the IJ had found the representations about the child's ability to get schooling to be corroborated, then presumably the BIA could only make its determination if either based on that finding or after determining that it was clear error to have so found. As I understand what's then happened is in making the ineffective assistance claim, they put in country conditions evidence that they think would suffice to corroborate the finding below. The board then considering all that evidence has simply said it wouldn't change the outcome. But it doesn't grapple with the question of whether that evidence would have affected the finding because it would have been corroborative of the IJ's determination. That's the disjuncture that is throwing me off. Do you follow what I'm saying? I think so. In other words, if we have this evidence that is either corroborative or not, the IJ under board rules and regulations gets some discretion to make that judgment. And once it makes that judgment, then that's binding on the board unless it determines it was clear error. Yes. But the board, rather than figuring out whether this evidence would have supported a finding by the IJ, just went right to this wouldn't show a prima facie standard. But how can it know that unless we know what the underlying finding is? And isn't that a function and part of what the IJ does in terms of deciding whether this corroborates the otherwise credible testimony? That's the disjuncture. Now, it may be that that's not been argued to us in this way, and that may be its own defect. But it's the part that I'm a little bit confused about. I think I understand what your Honor is getting at here. This is kind of the interesting intersection of basically immigration procedure in terms of how motions to reopen work and what the board is allowed to do. A question I often face in similar cases is arguments that the board is impermissibly engaging in fact finding when adjudicating a motion to reopen. Well, they have to do that. They have to weigh the facts to determine whether or not the person seeking relief warrants reopening, has established a prima facie case. But see here, it's through this weird procedural wrinkle that's coming up through a claim of ineffective assistance. And that goes to what would have happened at the IJ proceeding. And if the IJ had made a finding, that finding would have been binding on the board with respect to the motion to reopen. And in that instance, they would not have to do you see the motion reopens about the ineffective assistance. So it doesn't quite work. I understand your general point that normally when I'm getting new evidence, you can't fault the board for considering the new evidence. That's what it's supposed to do. But isn't the question the board should have asked here, would this new evidence have affected the factual finding that the IJ would have made? And that's not the question the board asked. I think your Honor answered the question for yourself earlier, however, was that question posed to the board? And it wasn't. So arguably this is an unexhausted contention. It's curious, certainly. But ultimately the question is, did they warrant relief? Have they ever presented enough evidence to demonstrate that they warranted cancellation of removal? And that's, again, a question of weight. That's what they expressly ask in their brief, for the court to re-weigh the evidence. Counsel, I'm not sure I'm following. You're saying that it wasn't presented to the board. And maybe I'm asking something slightly different from Judge Barron. But the entire point of the motion to reopen is to say our previous lawyer was ineffective. That lawyer didn't put in sufficient evidence. That's what the IJ found, insufficient evidence. We've now put in evidence. Please evaluate if there's going to be a different outcome here. And all the board says in response, and I'm reading from the board's decision, is, let's see here. The respondents presented evidence to the immigration judge and the board, which was properly considered. Dissatisfaction of the result is not enough. That's it. And that in no way analyzes whether that evidence would have made a difference. And that was the entire point of the motion to reopen, wasn't it? The entire point of the motion to reopen is to obtain cancellation of removal, or at least a hearing on cancellation of removal. There is this sentence. It says, we have considered the record in its entirety, but the record does not establish prima facie showing of exceptional, extremely unusual hardship in the aggregate. But isn't the relevant question related to what the effect of the missing evidence would have been on the IJ? The IJ's finding about whether the schooling testimony that was found to be credible would have been corroborated. I think, is it a question of would we have gotten to the motion to reopen stage, we wouldn't have needed it? Again, the immigration judge's decision talks about the lack of corroboration. It doesn't say that had it been corroborated, I would grant. Correct, but that's the relevant question to determine prejudice. And we just don't have any finding by the BIA on that question. Again, as your Honor noted, the board reviewed the record in its entirety. That should be sufficiently adequate to demonstrate that the board has grappled with this case, has looked at all of the evidence at any point in time. And you think we should be saying it would have found that this would not have been corroborated? That's precisely what the board's finding here, that they failed to submit sufficient evidence at any time. What your Honor is talking about is a procedural. If the IJ had made a finding that this child could not get schooling, that would have an effect on the board's then application of the standard, because it would be stuck with that factual finding. Correct. And where is the board assessing whether this new evidence that the ineffective assistance resulted in wouldn't have led to such a factual finding? It doesn't seem to assess it at all, based on the sentence that I read to you. Judge Barron read to you a sentence about the prime facie case, but it's the previous paragraph that's actually talking about ineffective assistance of counsel. This is perhaps a question of precision, in terms of how the board announces its decisions. This came up in the last case. The board isn't required to, again, cite every specific piece of evidence, isn't required to discuss in detail anything in particular, so long as it's a factual finding. As long as the court is left with a firm conviction that the board has considered all of the evidence. Did the government argue, you're not disputing, and I don't, well... One argument for why this claim fails, as I understand it from the government, is that they can't show prejudice. That's why they can't meet the LAZADA standard. Independent of that, are you making an argument that they can't succeed? They can't succeed on an ineffective assistance claim? I didn't take you to be. No. And I don't take you to be saying that ineffective assistance couldn't, even though we've never decided that, you don't raise that as a contention here. Never say never. Again, equitable tolling, are you talking about equitable tolling, Your Honor? Yes. Again, the court hasn't decided whether or not... And you don't argue to us that we should decide it and that that's an independent ground for them losing because LAZADA can't be a basis for equitable tolling. It remains an open question, so if the court wants to, I'm not advocating one way or the other. Right. So the reason, though, you think that they do lose, even assuming all that, is because they can't show prejudice. Correct. The entire point is they can't satisfy the cancellation standard, and again, the court can't review historical facts, as we've spent a lot of time discussing. So it's a question of weight of the evidence, ultimately. Is there enough here for the agency to have found that reopening was warranted, and the board simply found that those grounds did not exist here, such that there was no prejudice, such that they failed to establish a complete ineffective assistance of counsel claim. Thank you. Thank you, Your Honor.